UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| NORTH BAY GENERAL HOSPITAL, INC., | § | CASE NO. 08-20368 |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |
| | § | |
| NORTH BAY GENERAL HOSPITAL, INC., | § | |
| | § | |
| Debtor. | § | |
| | § | |
| vs. | § | ADVERSARY NO. 08-03422 |
| | § | |
| THOMAS MCNAULL, individually; | § | |
| WALKER WILCOX MATOUSEK TEXAS, | § | |
| P.C. f/k/a MCCLAIN & PATCHIN, P.C.; and | § | |
| ARENT FOX, PLLC, | § | |
| | § | |
| Defendants. | § | |

**DEBTOR'S RESPONSE TO ARENT FOX LLP'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT**
(Relates to Docket No. 15)

**TO THE HONORABLE JUDGE JEFF BOHM, UNITED STATES BANKRUPTCY
JUDGE**:

Comes now, North Bay General Hospital, Inc., (the "Debtor" or "Hospital") and filed this

its Response to Arent Fox LLP's Motion to Dismiss First Amended Complaint and would

respectfully show as follows:

1.      Arent Fox, LLP ("Arent Fox") asserts four reasons why they think that the Court

should dismiss the Hospital's First Amended Complaint, as follows:

   a)      payments were pursuant to a confirmed plan and orders of the Court;

   b)      complaint is untimely under 11 U.S.C. § 1144(a);

   c)      claims are barred by the Plans exculpation provisions; and

      d)      11 U.S.C. §§ 547 and 548 does not apply to court orders awarding professional fees.

For the following reasons Arent Fox's arguments fail.

2.      First, Arent Fox's motion is a motion to dismiss.  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007).  In deciding a motion to dismiss, the Court "…must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff." *Central Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

3.      The First Amended Complaint filed by the Hospital sets forth detailed factual allegations.  Each factual element of a fraudulent transfer and preference is set out in the First Amended Complaint.  Taking those allegations as true, a fraudulent transfer and preference has been proved.  What Arent Fox argues in its Motion to Dismiss is, in reality, that it has defenses to the alleged causes of action.

4.      Arent Fox's Motion to Dismiss attempts to inject facts from outside of the First Amended Complaint.  A motion to dismiss is simply a review of the adequacy of the complaint itself.  For example, beginning on page 2 through page 5 of the Motion to Dismiss, Arent Fox sets forth its alleged facts, many of which are outside of the allegations of the First Amended Complaint.  Therefore, Arent Fox's Motion to Dismiss is in reality an unverified motion for

summary judgment.  The Hospital objects to the Court treating Arent Fox's Motion to Dismiss as a motion for summary judgment.

### Arent Fox Fees Not Pursuant to Plan

5.      The payments by the Hospital to Arent Fox were not pursuant to a confirmed plan of reorganization and the Hospital's First Amended Complaint has nothing to do with 11 U.S.C. § 1144(a).  As alleged in the First Amended Complaint, the Plan was confirmed on June 30, 2006 (*See*, Complaint ¶ 8) and the payments were made to Arent Fox on February 15, 2007, April 9, 2007, May 7, 2007 and May 5, 2008 (*See,* Complaint ¶ 18).

6.      The Complaint is not an attack on the Plan and 11 U.S.C. § 1144 is in no way implicated.  The Plan simply provided for the payment of professional fees after they were approved by the Court.  Arent Fox's fees were approved pursuant to a stipulation as to reasonableness.  *See*, Docket No. 763, Case No. 05-32121.  The Complaint does not attack whether the fees were reasonable.  The Complaint attacks the payment of the fees, and the Hospital's financial condition at the time of payment of fees.

7.      Arent Fox's fee application is merely a "claim" as defined by the 2005 Second Amended Plan of Reorganization.  *See,* Docket 05-32121 No. 412, p. 8 § 1.40 ("Professional Fees" shall mean any claims for services rendered or expenses incurred by any professional retained pursuant to order of the Bankruptcy Court.")

8.      Since Arent Fox's final fee application was agreed to by a "Stipulation," Arent Fox's claim for fees and expenses was pursuant to an order entered without contest.  *See*, Agreed Stipulation and Order Granting the Final Application for Allowance of Compensation and Reimbursement of Expenses of Attorney for the Committee, Docket No. 763, Case 05-32121.  A

"contest" means "to litigate".  *See,* Black's Law Dictionary (8ᵗʰ ed., 2004), p. 337, ("To litigate or call into question, challenge").

9.      Bankruptcy Rule 9024 provides that "Rule 60 FED. R. CIV. P. applies in cases under the Code except that (1)…reconsideration of an order allowing or disallowing a claim against the estate without a contest is not subject to the one year limitation prescribed in Rule 60(b). *See,* B.R. 9024.  Federal Rule 60(b) provides that "the Court may relieve a party…from a final judgment, order or proceeding for the following reasons:

  (a)    mistake, inadvertence, surprise or excusable neglect;
  (b)    newly discovered evidences…;
  (c)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by the opposing party; and
  (d)    any other reason that justifies relief.

Rule 60 FED. R. CIV. P.   The First Amended Complaint is replete with allegations regarding "mistake," "newly discovered evidence," "fraud," "misrepresentation" and "other reasons that justify relief."

10.     In paragraph 13, the Hospital alleges that Arent Fox threatened the Debtor's prior counsel and used inappropriate means to obtain a withdrawal of the Debtor's objection to Arent Fox's fee application.

11.     In paragraph 14, the Hospital alleges that Arent Fox knew there was something "amiss with Mr. McNaull and missing cash," yet notwithstanding Arent Fox's duties as officers of the Court to bring those issues to the Court's attention, they remained silent so they could get paid on their claim.

12.     Since Arent Fox was a fiduciary, it had a duty to advise the Court of the missing cash, not to threaten exposure of that fact to the Hospital's prior counsel to get its fees allowed. "Counsel to a creditors committee directly owes fiduciary duties to the Court and to the

creditors' committee as officers of the Court." *United Steelworkers of America v. Lampl (In re Mesta Machine Co.)*, 67 B.R. 151, 158 (Bankr. W.D. Pa. 1986) (citing *Matter of Arlan's Dept. Stores, Inc.*, 615 F.2d 925, 941, 943-44 (2nd Cir. 1979). The *Mesta Machine* court went on to quote the United States Supreme Court in its decision in *Baker v. Humphrey*, 101 U.S. (11 Otto) 494, 502, 25 L.Ed. 1065 (1879).

> They are officers of the law, as well as the agents of those by whom they are employed. Their fidelity is guaranteed by the highest considerations of honor and good faith, and to these is superadded the sanction of an oath. The slightest divergence from rectitude involves the breach of all these obligations. None are more honored or more deserving than those of the brotherhood who, uniting ability with integrity, prove faithful to their trusts and worthy of the confidence reposed in them. Courts of justice can best serve both the public and the profession by applying firmly upon all proper occasions the salutary rules which have been established for their government in doing the business of their clients.

*In re Mesta Mach. Co.,* 67 B.R. 151, 158 (Bkrtcy. W.D. Pa.,1986).   Arent Fox by failing to advise the Court of something amiss with McNaull and the missing cash, committed fraud upon the Court by nondisclosure. *Bradford v. Vento*, 48 S.W.3d 749, 754-55 (Tex. 2001).

13.     Furthermore, this Court has inherent power to vacate its own judgment upon the proof that fraud has been perpetrated upon the Court.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991) ("Of particular relevance here, the inherent power also allows a federal court to vacate its own judgment upon proof that a fraud has been perpetrated upon the court. *See, Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); *Universal Oil Products Co. v. Root Refining Co.,* 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447 (1946)). This "historic power of equity to set aside fraudulently begotten judgments," *Hazel-Atlas,* 322 U.S., at 245, 64 S.Ct., at 1001, is necessary to the integrity of the courts, for "tampering with the administration of justice in [this] manner ... involves far more than an injury to a single litigant. It is a wrong against the institutions set up to

protect and safeguard the public." *Id.,* at 246, 64 S.Ct., at 1001. Moreover, a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud. *Universal Oil, supra,* 328 U.S., at 580, 66 S.Ct., at 1179. *Id.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 2132 (U.S. La., 1991).

### Exculpation Clause of Plan Does Not Protect Arent Fox

14.    The Hospital's 2005 Plan provides in paragraph 13.3 that

> the Committee and any of their respective representatives (a) shall not have or incur any liability to any Entity for any act or omission in connection with or arising out of the negotiation of the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan and (b) in all respects shall be entitled to rely upon the advise of counsel with respects to their duties and responsibilities under the Plan.

*See*, Second Amended Plan, § 13.3, Docket No. 248, Case No. 05-32121.   As Arent Fox acknowledges in footnote 3 of their Motion to Dismiss, the exculpation clause does not apply in case of willful misconduct.   Arent Fox's failure to disclose and advise the Court as outlined in the First Amended Complaint constitutes willful misconduct.   First, the payment of Arent Fox's fees has nothing to do with incurring liability for negotiating, confirming or consummating the Plan.   Second, even if paragraph 13.3 of the Plan were to apply there is a fact question as to whether Arent Fox is a "representative" of the Committee.   This is because of the phrase "their respective representatives."   That phrase means the Committee members and their personal representatives on the Committee.   Arent Fox should not be any one member's "respective representation."   Therefore, a fact issue as to whether the exculpation provision applies to Arent Fox.   In any event, the exculpation clause does not protect Arent Fox from preferences or fraudulent transfers in connection with the payment of their fees.

### Arent Fox Incorrectly Alleges § 548 Does Not Apply to Court Awarded Fees

15.     Section 547 and 548 of the Code certainly apply to court awarded fees.  Payments of judgment amounts and judgment liens are often attacked as preferential or as fraudulent transfers.  The question is not the award of fees; it is the payment of the fees.  The payments of Arent Fox's fees left the Hospital with insufficient sums to carry on its ordinary business; i.e. fraudulent transfers.  The payments were made while the Hospital was insolvent.  *See*, each MOR filed in Case No. 05-32121.  There is nothing in Sections 547 or 548 of the Code that protects Arent Fox from this type of attack.  Arent Fox's position is contrary to the holding of *Carousel Candy Co., Inc. v. Weber*, 38 B.R. 927, 930 (Bankr. E.D. N.Y. 1984) ("The plaintiff is entitled to the return of the amount awarded to Weber pursuant to this Court's Decision of July 15, 1981.  The Decision merely examined the reasonableness of Weber's fees in view of the specific services performed.  There is no basis for insulting such an award from an attack under Section 548 (a)(2).")

16.     There is no May 1, 2008 "order."  On page 4 of the Memorandum, Arent Fox states, "On May 1, 2008, this Court held a hearing on the motion and orally approved a payment plan for the Debtor to cure certain defaults under the Confirmed Plan." However, the actual docket entry states in pertinent part that "Hearing commenced and will be continued on 11/6/2008…"  *See*, Hospitals 05-32121 case, Docket entry for May 1, 2008.  The preferential payment made on May 15, 2008 was made while the Hospital was insolvent.  *See,* Hospital's MOR for May 2008, Hospital's 05-32121 case, Docket No. 801.  The preferential payment was made within 90 days of the Hospitals July 8, 2008 bankruptcy filing on account of the Agreed Stipulation entered in February 2007 (therefore, on account of an antecedent debt).  All elements of a preference have been factually alleged.

WHEREFORE PREMISES CONSIDERED, the Hospital prays the Court deny Arent

Fox LLP's Motion to Dismiss First Amended Complaint [Docket No. 15], and to grant North

Bay such other and further relief as is just.

Respectfully submitted this 23rd day of December, 2008.

HIRSCH & WESTHEIMER, P.C.

By: /s/  Michael J. Durrschmidt
     Michael J. Durrschmidt
     Texas Bar No. 06287650
     700 Louisiana, 25th Floor
     Houston, Texas 77002
     Telephone:  713-220-9165
     Telecopy:  713-223-9319
     E-mail: mdurrschmidt@hirschwest.com

ATTORNEY FOR NORTH BAY
GENERAL HOSPITAL, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of December, 2008, a copy of the Response to Arent Fox LLP's Motion to Dismiss First Amended Complaint was served via first class mail, postage prepaid, e-mail, and/or by the Clerk of the Court via the ECM system to the parties listed below.

/s/  Michael J. Durrschmidt
Michael J. Durrschmidt

ATTORNEYS FOR UCA

Carol Conner Cohen
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
cohen.carol@arentfox.com

Jeffrey N. Rothleder
Arent Fox
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5339
Rothleder.Jeffrey@arentfox.com

Barnet B. Skelton, Jr.
1111 Bagby, 47th Floor
Houston, Texas 77002
barnetbjr@msn.com

ATTORNEYS FOR WALKER WILCOX

Daniel F Patchin
Walker Wilcox Matousek LLP
711 Louisiana Street, Suite No. 3100
South Tower Pennzoil Place
Houston, TX 77002
dpatchin@wwmlawyers.com

ATTORNEYS FOR THOMAS McNAULL

John A. Christy
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, Suite 800
Atlanta, Georgia 30309-4516
jchristy@swfllp.com

Ferdinand P Cribbs, Jr
Wilson Cribbs et al
2500 Fannin
Houston, TX 77002
713-222-9000
fpcribbs@wcglaw.net