UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| NORTH BAY GENERAL HOSPITAL, INC., | § § | CASE NO. 08-20368 |
| Debtor. | § § § | (Chapter 11) |
| | § | |
| NORTH BAY GENERAL HOSPITAL, INC., | § § § | |
| Debtor. | § § | |
| vs. | § § | ADVERSARY NO. 08-03422 |
| THOMAS MCNAULL, individually; WALKER WILCOX MATOUSEK TEXAS, P.C. f/k/a MCCLAIN & PATCHIN, P.C.; and ARENT FOX, PLLC, | § § § § § § | |
| Defendants. | § | |

**NORTH BAY GENERAL HOSPITAL, INC.'S REPLY TO ARENT FOX, LLP'S RESPONSE TO DEBTOR'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL PLEADINGS**
(Relates to Docket Nos. 17, 22, 25, 44, 52 and 55)

**TO THE HONORABLE JUDGE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE**:

Comes now, North Bay General Hospital, Inc., (the "Debtor" or "Hospital") and files this its Reply to Arent Fox's Response to Debtor's Supplemental Memorandum in Support of Motion to Unseal Pleadings and would respectfully show as follows:

1. Arent Fox argues that "there is no 'presumption of openness' for defamatory materials, and no showing of cause was required." *See*, Response of Defendant Arent Fox, LLP to North Bay General Hospital, Inc.'s Supplemental Memorandum in support of Motion to

Unseal Pleadings [Docket No. 52] ("Response"), ¶ 2. This is an unsupported attempt at a legal conclusion and is one hundred and eighty degrees wrong.

2. First, 11 U.S.C. § 107 "establishes a broad right of public access…to all papers filed in a bankruptcy case." *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 7 (1st Cir. 2005); *Neal v. The Kansas City Star (In re Neal)*, 461 F.3d 1048, 1053 (8th Cir. 2006); also see *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999) ("…107(a) is rooted in the right of public access to judicial proceedings, a principal long recognized in the common law…"). *In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984) ("§ 107(a) is 'sweeping'….extending to 'all papers filed in a bankruptcy case'").

3. Second, Arent Fox had the burden to overcome the presumption of "openness". *Gitto*, 422 F.3d at 16-17. The First Circuit, in the very reasoned opinion of *Gitto,* has set forth the appropriate standard for a party seeking to seal a paper filed with the Court due to alleged defamatory material, as follows:

> To qualify for protection under the § 107(b)(2) exception for defamatory material, an interested party must show (1) that the material at issue would alter his reputation in the eyes of a reasonable person, and (2) that the material is untrue or that it is potentially untrue and irrelevant or included for an improper end. The Gittos cannot make such a showing with regard to the Report. Therefore, upon issuance of the mandate, and once the Examiner deletes all bank account numbers included in the Report and its exhibits pursuant to the unchallenged ruling of the bankruptcy court regarding the redaction of confidential information, the Report shall be filed publicly.

*Id.* at 16 -17.

4. Upon information and belief, there was no evidence or proof provided in the *TKO* case that i) the material would alter the reputation of Arent Fox; and ii) that (a) material was untrue, or (b) potentially untrue and irrelevant. The Order Sealing was simply an agreement of the parties, which is not sufficient to justify keeping the pleadings and "confidential material"

sealed.  *Id.*  Although a court has supervisory power over its own records and files and access may be denied where the court finds the use of those records and files may be used for improper purposes, "only the most compelling reasons can justify nondisclosure of judicial records".  *Neal*, 461 F.2d at 1053 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, SS L.Ed 2d 570 (1978) and quoting *Gitto*, 422 F.3d at 6.)

5.  A collateral issue has now arisen regarding the extent of the reach of this Court's order in the *TKO* case.  Arent Fox evidently believes that the order sealing pleadings in the *TKO* case also sealed copies that had previously been sent to others.

6.  Arent Fox has, upon information and belief, sent three letters to Ms. Holley with the U.S. Trustee's office demanding that documents Arent Fox and others voluntarily mailed to the U.S. Trustee's office be returned to the U.S. Trustee and be held in confidence.  Attached hereto as Exhibit A are copies of the Arent Fox letters to Ms. Holley.

7.  As Arent Fox acknowledges, the Court's sealing of a document, only seals the particular document filed with the Court.  *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 433 (S.D. N.Y. 1993), 17 F.3d 600 (2nd Cir. 1994).  In fact, the topic of Section 107(a) is only the paper filed with the Court.  11 U.S.C. § 107(a) ("…a paper filed in a case…are public records and open to examination…").  This rule of openness does not apply to copies of the paper located somewhere else.  Section 107 deals only with the Court's public files.  Now, Arent Fox wants documents sent to parties other than the Court, who were not signatories to the order sealing or formally noticed regarding the prospect of sealing, to be covered by the order.  The order neither reaches the documents in the hands of third parties, nor does the order reach the parties not a signatory to the order.

8.  As the Ninth Circuit recognized "11 U.S.C. 107(b)(2)…provides an exception to the rule of public access to papers filed in a bankruptcy case…" *Gitto*, 422 F. at 4. The entire concept deals with the public's right to access of documents in the Court's docket. Section 107(b)(2) does not reach copies of documents not filed with the Court. It is for this reason that pleadings or reports are filed under seal in the first instance.

WHEREFORE PREMISES CONSIDERED, the Hospital prays that the Court unseal the records relating to the fees and expenses requested by Arent Fox LLC and Barnet B. Skelton, Jr. in the *TKO Sports Group USA Limited* bankruptcy case, the objections thereto, and all discovery material related thereto, and hold that the Order Sealing in the *TKO* case applies only to the papers filed with the court and not to papers served on a party in interest, and to grant North Bay such other and further relief as is just.

Respectfully submitted this 12th day of January, 2009.

> HIRSCH & WESTHEIMER, P.C.
>
> By: /s/ Michael J. Durrschmidt
>   Michael J. Durrschmidt
>   State Bar No. 06287650
>   700 Louisiana, 25th Floor
>   Houston, Texas  77002-2728
>   Telephone:  (713) 220-9165
>   Facsimile:  (713) 223-9319
>   Email: mdurrschmidt@hirschwest.com
>
> ATTORNEYS FOR NORTH BAY GENERAL HOSPITAL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of January, 2009, a copy of the Reply to Arent Fox's Response to Debtor's Supplemental Memorandum in Support of Motion to Unseal Pleadings was served via first class mail, postage prepaid, e-mail, and/or by the Clerk of the Court via the ECM system to the parties listed below.

/s/  Michael J. Durrschmidt
Michael J. Durrschmidt

ATTORNEYS FOR UCA

Carol Conner Cohen
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
cohen.carol@arentfox.com

Jeffrey N. Rothleder
Arent Fox
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5339
Rothleder.Jeffrey@arentfox.com

Barnet B. Skelton, Jr.
1111 Bagby, 47th Floor
Houston, Texas 77002
barnetbjr@msn.com


ATTORNEYS FOR WALKER WILCOX

Daniel F Patchin
Walker Wilcox Matousek LLP
711 Louisiana Street, Suite No. 3100
South Tower Pennzoil Place
Houston, TX 77002
dpatchin@wwmlawyers.com

ATTORNEYS FOR THOMAS McNAULL

John A. Christy
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, Suite 800
Atlanta, Georgia 30309-4516
jchristy@swfllp.com

Ferdinand P Cribbs, Jr
Wilson Cribbs et al
2500 Fannin
Houston, TX 77002
713-222-9000
fpcribbs@wcglaw.net


OF COUNSEL FOR ARENT FOX, LLP

Susan Hardie Jacks
Mehaffy Webber, PC
500 Dallas, Suite 1200
Houston, TX 77002
713-655-1200
susanjacks@mehaffyweber.com


ATTORNEYS FOR CLEAR THINKING GROUP, LLC

Faride Teresa Garcia-Reyes
Morgan Lewis & Bockius LLP
1000 Louisiana, Suite 4200
Houston, TX 77002
713-890-5182
tgarcia-reyes@morganlewis.com