UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| NORTH BAY GENERAL HOSPITAL, INC. | § | CASE NO. 08-20368 |
| | § | (CHAPTER 11) |
| DEBTOR. | § | |
| NORTH BAY GENERAL HOSPITAL, INC., | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | ADVERSARY NO. 08-03422 |
| | § | |
| THOMAS MCNAULL, Individually; | § | |
| WALKER WILCOX MATOUSEK TEXAS, | § | |
| P.C. f/k/a MCCLAIN & PATCHIN, P.C.; | § | |
| ARENT FOX, PLLC; SCHUYLER G. | § | |
| CARROLL, BARNET B. SKELTON, | § | |
| JR., P.C., CLEAR THINKING | § | |
| GROUP, LLC, JOSEPH MYERS, | § | |
| ALLIANCE IMAGING, INC. and DANIEL | § | |
| F. PATCHIN | § | |
| Defendants. | § | |

**MOTION FOR PARTIAL SUMMARY**
**JUDGMENT ON THE DEBTOR'S**
**PREFERENCE CLAIM AS TO ARENT FOX, LLP**

Comes now, North Bay General Hospital, Inc. (the "Debtor" or "Hospital") and files this

Motion for Partial Summary Judgment on the Preference Claim as to Arent Fox, LLP ("Arent

Fox"), and would show as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§

159(b), 1334 and 11 U.S.C. §§ 547.  Venue is proper pursuant to 28 U.S.C. § 1408.

2.      This is a core proceeding pursuant to 11 U.S.C. § 157 (b)(2)(A), (B), (C), (F) and

(O).

**Undisputed Facts**

3.      The Hospital filed it 2008 bankruptcy case on July 8, 2008.  *See,* Voluntary Petition [Main Case Docket No. 1].  It is undisputed that on or about May 5, 2008, Arent Fox was paid $25,000.00 by the  Hospital, which payment was to a partially pay a fee award in favor of Arent Fox entered in the Hospital's 2005 bankruptcy case, Case No. 05-32121 ("2005 Case"). *See,* Arent Fox LLP'S Memorandum in Support of Motion to Dismiss Second Amended Complaint ("Arent Fox's Memorandum"), p. 8 [Docket No. 119] ("... the following fees and expenses were paid to Arent Fox as counsel for the committee:...May 5, 2008   $25,000.00."). At the time of the payment of the $25,000.00 to Arent Fox, the Hospital was insolvent.  The Hospital requests that the Court take judicial notice of the May, 2008 monthly operating report ("MOR") filed by the Hospital in the 2005 Case.  *See,* Docket No. 801, in the 2005 Case. Further, the Hospital requests that the Court take judicial notice of the Hospital's summary of schedules filed in the 2008 bankruptcy case. The payment of the $25,000.00 was made within 90 days of the bankruptcy case and was for fees attributable to earlier applications approved by the Court.  *See,* Statement of Financial Affairs Response to No. 3A, Docket no. 70 in Case No. 08-20368.  The Hospital requests that the Court take judicial notice that a) May 5 is sixty four (64) days before July 8; and b) that 64 is less than 90.

**Legal Argument**

4.      Section 547 of the Bankruptcy Code provides in pertinent part that a Debtor or Trustee may recover a preference.

(b)     Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

      (1)     to or for the benefit of a creditor;

      (2)     for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3)    made while the debtor was insolvent;

(4)    made --

       (A)    on or within 90 days before the date of the filing of the petition…; and

(5)    that enables such creditor to receive more than such creditor would receive if --

       (A)    the case were a case under chapter 7 of this title;

       (B)    the transfer had not been made; and

       (C)    such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. 547(b)(1) – (5).

5.     As set forth above, Arent Fox is a creditor of the Hospital and, in fact, has filed a proof of claim in this case. *See,* Arent Fox's Memorandum, p. 9 [Docket No. 119]("On November 14, 2008, Arent Fox filed a proof of claim in the 2008 bankruptcy case…."). *Also see,* Proof of Claim in Case No. 08-20368, Docket Nos. 87 and 87-A.

6.     The debt allegedly due to Arent Fox upon which the Hospital's $25,000.00 payment was made for work done during the Hospital's 2005 bankruptcy case. *See,* February 12, 2007, Agreed Stipulation and Order Granting the Final Application for Allowance of Compensation and Reimbursement of Expenses to Attorneys for the Committee (the "Fee Stipulation"), Case No. 05-32121 [Docket No. 763]. The fees and expenses due to Arent Fox were fees and expenses incurred by Arent Fox in connection with the Hospital's 2005 Case. *See,* Arent Fox's Final Application for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Committee for the Period April 25, 2005 through September 30, 2006, Case No. 05-32121 [Docket No. 451]; and Arent Fox's First Supplement to Final Application for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Committee for the Period April 25, 2005 through September 30, 2006, Case No. 05-32121 [Docket No. 753]. Accordingly, the alleged debt due to Arent Fox arose on or prior to February 12, 2007, and

as such constitutes an antecedent debt owed by the Debtor prior to the date of the May 5, 2008 transfer.

7.     On May 5, 2008 (the date of the transfer), the Debtor was insolvent.  *See* the Hospital's  May 2008 monthly operating report. *See*, May 2008 MOR.  [Docket No. 801, case No. 05-32121].  Furthermore, the Hospital made the $25,000.00 payment to Arent Fox within 90 days prior to the date of the filing of the Hospital's 2008 bankruptcy petition.  The Hospital is presumed to be insolvent on and during the 90 days immediately preceding July 8, 2008 (the filing date of the Hospital's 2008 bankruptcy case).  11 U.S.C. § 547(f).

8.     The payment of the $25,000.00 enabled Arent Fox to receive more than other unsecured creditors would receive if this case were a Chapter 7.  As such, the Hospital requests that the Court find that the $25,000.00 payment to Arent Fox on May 5, 2008, is a preferential transfer and that the transfer is subject to avoidance and require that Arent Fox immediately repay the $25,000.00 to the Hospital.

WHEREFORE, premises considered, the Hospital prays that the Court grant the Debtor's Motion for Partial Summary Judgment on the Debtor's Preference Claim as to Arent Fox, LLP and grant the Hospital such other and further relief as is just.

Respectfully submitted this 9th day of February, 2009.

<div style="margin-left: 40%;">

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael J. Durrschmidt
     Michael J. Durrschmidt
     Texas Bar No. 06287650
     700 Louisiana, 25th Floor
     Houston, Texas 77002
     Telephone: 713-220-9165
     Telecopy: 713-223-9319
     E-mail: mdurrschmidt@hirschwest.com

ATTORNEY FOR NORTH BAY
GENERAL HOSPITAL, INC.

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2009, a copy of the Debtor's Motion for Partial Summary Judgment on the Debtor's Preference Claim as to Arent Fox, LLP was served on the parties listed on the attached service list via first class mail, postage prepaid and/or ECF service.

<div style="margin-left: 40%;">

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

</div>

**Service List**

ATTORNEYS FOR UCA AND ARENT FOX, LLP

Carol Conner Cohen
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
cohen.carol@arentfox.com

Jeffrey N. Rothleder
Arent Fox
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5339
Rothleder.Jeffrey@arentfox.com

Susan Hardie Jacks
MehaffyWeber, PC
500 Dallas, Suite 1200
Houston, Texas 77002
susanjacks@mehaffyweber.com

ATTORNEY FOR BARNET B. SKELTON, JR., P.C.

Barnet B. Skelton, Jr.
Barnet B. Skelton, Jr., PC
1111 Bagby, 47th Floor
Houston, Texas 77002
barnetbjr@msn.com

ATTORNEYS FOR WALKER WILCOX AND DANIEL PATCHIN

Daniel F Patchin
Walker Wilcox Matousek LLP
711 Louisiana Street, Suite No. 3100
South Tower Pennzoil Place
Houston, TX 77002
dpatchin@wwmlawyers.com

Allison Standish Miller
Cruse, Scott, Henderson & Allen LLP
2777 Allen Parkway, 7th Floor
Houston, Texas  77019
amiller@crusescott.com

Billy Shepherd

Cruse, Scott, Henderson & Allen LLP
2777 Allen Parkway, 7th Floor
Houston, Texas  77019
bshepherd@crusescott.com

ATTORNEYS FOR THOMAS McNAULL

John A. Christy
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, Suite 800
Atlanta, Georgia 30309-4516
jchristy@swfllp.com

Ferdinand P Cribbs, Jr
Wilson Cribbs et al
2500 Fannin
Houston, TX 77002
fpcribbs@wcglaw.net

Scott D McAlpine
Schreeder Wheeler Flint LLP
1100 Peachtree Street, Ste 800
Atlanta, GA 30309
smcalpine@swfllp.com

ATTORNEYS FOR CLEAR THINKING GROUP, LLC AND JOSEPH  MYERS

F. Teresa Garcia-Reyes
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4200
Houston, TX 77002
tnelligan@morganlewis.com

Neil E. Herman, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
nherman@morganlewis.com